**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ARIGNA TECHNOLOGY LIMITED,　　　）<br>　　　　　　　　　　　　　　　　）<br>　　　　　　　　　　Plaintiff,　　　）<br>　　　　　　　　　　　　　　　　）<br>　　　v.　　　　　　　　　　　　　）<br>　　　　　　　　　　　　　　　　）<br>VOLKSWAGEN AG et al,　　　　　）<br>　　　　　　　　　　　　　　　　）<br>　　　　　　　　　　Defendants.　）<br>　　　　　　　　　　　　　　　　）<br>　　　　　　　　　　　　　　　　） | Case No. 2:21-cv-00054-JRG-RSP<br><br>JURY TRIAL DEMANDED<br><br>ORAL ARGUMENT REQUESTED |

**BMW DEFENDANTS' OPPOSED MOTION FOR
<u>JUNIOR ATTORNEY ORAL ARGUMENT</u>**

Defendants Bayerische Motoren Werke AG and BMW of North America, LLC (collectively "BMW") respectfully request that this Court grant oral argument—in particular oral argument for a junior attorney—of BMW's Motion to Dismiss Plaintiff's Second Amended Complaint for Improper Venue and Failure to State a Claim, with regards to at least the improper venue issue raised under Federal Rule of Civil Procedure 12(b)(3). See Dkt. Nos. 213, 244, 252, 268, 288, 291 (briefing the improper venue issue, including BMW's captions requesting oral argument); Dkt No. 287 (notifying this Court of completed briefing and readiness for a hearing).

Requests for oral arguments to provide junior associates experience is well established in district and appellate courts—and generally highly regarded, even to the extent of reversing orders declining oral hearings. Courts generally allow for "additional time to argue" issues, instead of ruling "on the papers alone," if argued by "lawyers practicing for less than seven years." *Secured Structures, LLC v. Alarm Security Group, LLC et al.*, No. 6:14-CV-00930-RWS-KNM, Dkt. No. 94 at *1 (E.D. Tex. Jan. 22, 2016). "Opportunities for junior lawyers to speak in federal court are

increasingly rare." *Wireless Protocol Innovations, Inc. v. TCL Corporation et al*, No. 6:15-CV-00918-JRG-KNM, Dkt No. 111 at *1 (E.D. Tex. Jan. 18, 2017). "The Court is aware that in today's practice of law, fewer cases go to trial and there are generally fewer speaking opportunities in court, particularly for young lawyers (i.e., lawyers practicing for less than seven years). The Court strongly encourages the parties to be mindful of opportunities for young lawyers to argue in front of the Court, particularly for motions where the young lawyer drafted or contributed significantly to the underlying motion or response." *Secured Structures,* at *1 (E.D. Tex. Jan. 22, 2016).

Similarly, the Court of Appeals for the Federal Circuit went so far as to reverse its own order declining oral argument, and granted oral arguments to accommodate an attorney without oral argument experience. *In re Publicover*, Fed. Cir., No. 19-1883, Dkt. No. 37 (Fed. Cir. Apr. 16, 2020) (motion); Dkt. No. 38 (Fed. Cir. Apr. 20, 2020) (order).

As the substantive venue issue has been touched on in oral argument, but not been the focus of any oral argument, oral arguments on the pending venue issues remain ripe for the Court's consideration. Oral arguments present an excellent opportunity for a BMW attorney with fewer than 7 years of active litigation experience, who took an active role in preparing the venue briefing, to argue this issue. Of course, this would benefit an Arigna attorney as well, and we request that the Court oral argument for BMW's venue briefing so that a junior may argue the merits. BMW would designate Kara Specht to argue the motion. Ms. Specht was admitted to the bar in December 2013 but did not begin litigation work until mid-2015. Her first year-and-a-half of practice was spent practicing before the United States Patent and Trademark Office in prosecution and Patent Trial and Appeal Board matters. She also took a secondment to work as in-house counsel for 6 months in 2019. Ms. Specht thus qualifies as a junior attorney with fewer than seven years of active litigation experience and took an active role in the briefing of the Motion at issue.

Arigna opposes providing valuable experience to junior attorneys who substantively assisted with preparing the pending venue briefing. When the parties met and conferred, Arigna confirmed that it opposed the requested relief herein.

Nevertheless, BMW respectfully requests that this Court grant oral argument—in particular oral argument for a junior attorney—of BMW's Motion to Dismiss Plaintiff's Second Amended Complaint for Improper Venue and Failure to State a Claim, with regards to at least the improper venue issue raised under Federal Rule of Civil Procedure 12(b)(3).

Dated:  November 16, 2021

By: */s/ Lionel M. Lavenue*
Lionel M. Lavenue
Virginia Bar No. 49,005
Bradford Schulz
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
1875 Explorer Street, Suite 800
Reston, VA 20190-6023
Phone:  (571) 203-2700
Fax:      (202) 408-4400

R. Benjamin Cassady
Michael Aragon
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
901 New York Ave., NW
Washington, D.C. 20001
Phone:  (202) 408-4000
Fax:      (202) 408-4400

Kara A. Specht
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
271 17th Street, NW
Suite 1400
Atlanta, GA 30363-6209
Phone:  (404) 653-6481
Fax:      (202) 408-4400

*ATTORNEYS FOR DEFENDANTS*
*BMW OF NORTH AMERICA, LLC and*
*BAYERISCHE MOTOREN WERKE AG*

## CERTIFICATE OF CONFERENCE

The parties conferred on November 15, 2021 by telephonic conference. Plaintiff Arigna

opposes this **BMW Defendants' Opposed Motion for Junior Attorney Oral Argument**.

*/s/ Lionel M. Lavenue*
Lionel M. Lavenue

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2021, I electronically filed the foregoing **BMW**

**Defendants' Opposed Motion for Junior Attorney Oral Argument** with the Clerk of the

Court using the CM/ECF system which will send notification of such filing via electronic mail to

all counsel of record.

*/s/Lionel M. Lavenue*
Lionel M. Lavenue