# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ARIGNA TECHNOLOGY LIMITED, | ) )  ) C.A. No. 2:21-cv-00054-JRG-RSP ) ) JURY TRIAL DEMANDED ) ) ) ) ) ) ) |
| Plaintiff, | |
| vs. | |
| VOLKSWAGEN AG et al., | |
| Defendants. | |

**BMW'S OBJECTION TO AND REQUEST FOR RECONSIDERATION OF THE
REPORT AND RECOMMENDATION DENYING BMW'S MOTION TO DISMISS**

Bayerische Motoren Werke AG and BMW of North America, LLC (collectively, "BMW") respectfully object and request reconsideration of the Court's Report and Recommendation, Dkt. 415 (the "R&R"), denying BMW's Motion to Dismiss Arigna's Second Amended Complaint, Dkt. 213 (the "MTD").

## I. INTRODUCTION – BMW OBJECTS BASED ON MISTAKE OF FACT AND MISAPPLICATION OF LEGAL PRECEDENT

*First*, the Court erred by failing to consider BMW's argument under Rule 12(b)(6) on the basis that BMW's motion "did not meaningfully address the 12(b)(6) issue." R&R at 4. BMW addressed the 12(b)(6) issues in more than eight pages. *See* MTD at 24–30; Dkt. 252 at 9–10. Indeed, BMW's MTD is much more detailed than Arigna's pleadings—Arigna's entire indirect infringement allegations consist of an offhand reference to the statute, and Arigna's entire willfulness allegations consist of nothing more than an offhand mention in the prayer for relief. *See* MTD at 28, 30. BMW objects as its reasoning was not addressed.

*Second*, BMW objects to the finding of proper venue as to all BMW Defendants. Dealers are not agents of BMW NA, and BMW NA's mutually agreed upon contracts with the dealers do not unilaterally grant BMW NA direction and control over those independent dealers and their employees. *See* R&R at 12. Indeed, the Court correctly declined to find that independent dealers are not BMW NA's agents in every legal context. *See* R&R at 13. BMW objects to the Court's finding dealers to be agents *only* for purposes of patent law. *Id*. And if BMW NA is dismissed for improper venue, BMW AG should also be dismissed for failure to join a required party.

BMW also objects to the finding that BMW NA ratified dealerships as places of business of BMW NA. *See* R&R at 14. The Court relied on ratification, and not the well-established "threshold" test that a place of business of one corporate entity cannot be imputed to another for venue purposes where the entities maintain corporate separateness. *See* R&R at 20. Indeed, the

1

Court overlooked *Soverain IP, LLC v. AT&T, Inc.*, its own precedent recognizing this principle. No. 2:17-cv-293-RWS-RSP, 2017 WL 5126158, at *1 (E.D. Tex. Oct. 31, 2017) (Payne, M.J.). Finding that a corporation "ratifying" another entity's place of business as its own is effectively different from "imputing" that other entity's place of business to that corporation is error. No matter the words used, the effect is the same—one entity's place of business is treated as another's. And the lesser "ratification" test promulgated by the Court here renders the threshold "imputation" test a legal and practical nullity. Further, BMW objects to the Court's finding that Texas state law does not bar BMW NA from controlling local dealerships. *See* R&R at 20-21. Texas law does, and BMW objects to the Court's findings that the dealerships are doing BMW's business selling to and servicing vehicles for *individual consumers*. *See* R&R at 17-18. BMW NA's business is "importing, marketing, distributing, and selling automotive vehicles and components," (as Arigna acknowledges, Dkt. 182, ¶ 19), not to "sell its products directly to consumers." Dkt. 213-1, ¶ 3. BMW objects to the Court's conclusion that it is.

BMW also objects to the Court's reliance on a *prima facie* standard for pleading venue under the general venue statute framework—not the patent venue statute framework. *See* R&R at 2. Reliance on this standard resulted in the resolution of several legal and factual issues in Plaintiff's favor as "uncontested," even though BMW properly disputed and challenged all relevant facts and allegations in an unrebutted declaration. Dkt. 213-1.

For at least these reasons, BMW respectfully objects to the R&R.

## II.     ARGUMENT

For objections to magistrate judge written orders, "[t]he district judge in the case must consider timely objections and modify or set aside any part of that order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge

with instructions." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1). BMW objects to all findings, conclusions, and recommendations against BMW in the Court's Report and Recommendation (Dkt. 415). BMW objects as follows.

### A. The Court Failed to Address BMW's MTD Under Rule 12(b)(6)

The Court found that "because the newest motion does not meaningfully address the 12(b)(6) issue, the only issue before the Court is whether venue is proper as to BMW NA." R&R at 4. This is a mistake—BMW raised 12(b)(6) arguments and devoted eight pages of briefing on the matter, six in the MTD, Dkt. 213 at 24–30, and two in the reply, Dkt. 252 at 9–10. As the MTD explains, Arigna's only direct infringement allegations comprise a single paragraph reciting the asserted claim, followed by repetition of that same claim language broken down by element. MTD at 25. The MTD includes a chart comparing Arigna's allegations directly to the claim language, and includes case law and argument why this is insufficient to state a claim. *Id.* at 26-27. Further, the MTD explains that Arigna's indirect and willfulness allegations, respectively, comprise only a passing mention to the statute (i.e., "BMW is liable . . . pursuant to 35 U.S.C. § 271(a), (b), and (c)"), and an offhand mention of willfulness in the prayer for relief. *Id.* at 28. BMW also explains why this is insufficient. *Id.* at 28-30. Therefore, BMW objects to the Court's finding that BMW did not meaningfully raise 12(b)(6) arguments.

### B. The Court Erred in Finding Venue Over the BMW Defendants

The Court found "that BMW NA has regular and established places of business in the District and thus venue is proper as to BMW NA and BMW AG in this District." R&R at 21.[1] For at least the reasons below, BMW objects to the Court's venue findings.

---

[1] The Court states "the parties do not dispute the 'acts of infringement' requirement, nor whether Arigna met *Cray*'s first requirement, a physical place in the District." R&R at 4. For the avoidance of doubt, BMW denies infringement and disputes all of *Cray*'s requirements.

3

1. **BMW objects to the Court applying a *prima facie* standard in considering Arigna's evidence outside the pleadings**

The Court applied a *prima facie* standard under the **general** venue statute framework, *see* R&R at 2 (citing 5th Cir. law), despite requirements to apply a "burden of persuasion" under the **patent** venue statute framework provided by Federal Circuit law. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (C.A.Fed. (Tex.), 2018) (explaining that regional circuit law, which applies to venue convenience transfers under 28 U.S.C. § 1404(a), does not apply to patent-specific venue provisions of 28 U.S.C. § 1400(b)).[2] Alternatively, even if a *prima facie* standard was proper here (it is not), the Court should only have considered what Arigna raised in its pleaded complaint and not matters outside the pleadings. *See Westech Aerosol Corporation v. 3M Company*, 927 F.3d 1378, 1382 (Fed. Cir. 2019) (holding that "[a] presumption that facts pleaded in the complaint are true does not supplant a plaintiff's burden to plead specific facts showing that the defendant has a regular and established place of business physically located in the judicial district."). Further, BMW objects to the Court's dismissal of BMW NA's uncontroverted declaration as making only "general assertions" and "fail[ing] to specifically address the provisions cited by Arigna." R&R at 11. BMW NA's declaration (Dkt. 213-1) addressed every allegation made in Arigna's complaint regarding venue and the provisions cited by Arigna are not included in Arigna's complaint. *See Westech*, 927 F.3d at 1382 (burdening a plaintiff to **plead** specific patent venue allegations in its complaint).[3]

---

[2] Unlike agency law concepts, patent venue operates under a statute (and analysis) separate from general venue.

[3] In addition to points specifically disputed by BMW, BMW objects to the Court finding that BMW did not dispute any allegation by Arigna because, BMW expressly "denie[d] all of Arigna's incorrect and unsubstantiated assumptions, even if their irrelevance does not warrant a direct response." Dkt. 252 at 1 n.1. BMW objects to the Court's use of the dealer agreements, findings regarding each of the provisions of the dealer agreements, and whether any of the provisions support venue in this case. Indeed, the Court found provisions of the dealer agreements *prima facie* cut in favor of venue, but BMW provided those agreements

4

...

## 2. BMW objects to the finding that, under a special form of agency for patent law, independent dealerships are BMW NA's agents

BMW objects to the Court's applications of a special agency standard just for patent law. Specifically, the "the Court emphasize[d] that it is not finding that the Centers are agents of BMW NA for every legal context, but rather the ***Court only finds that the Centers are agents of BMW NA for the issue of establishing venue under § 1400(b)*** as interpreted by *Cray* and *Google*." R&R at 13 (emphasis added). However, neither the Court nor Arigna cites any authority for the proposition that a special agency test for patent venue exists. Indeed, the idea that the test for agency in the context of patent venue should be less strict than in other areas of law undermines the clear guidance that patent venue should be strictly construed, and not open to liberal interpretation. *E.g., In re Google LLC*, 949 F.3d 1338, 1346-47 (Fed. Cir. 2020).

Under this new test, the Court found that BMW NA-dealer agreements show direction and control under special patent agency. *See* R&R at 11-12. BMW objects because the contractual terms mutually agreed upon by BMW NA and independent dealers—even the ones highlighted by the Court—expressly disavow agency. *See* MTD at 22. "The essential elements of agency are (1) the principal's right to direct or control the agent's actions, (2) the manifestation of consent by [the principal] to [the agent] that the [agent] shall act on his behalf and (3) the consent by the [agent] to act." *Google*, 949 F.3d at 1345 (alterations in original) (internal quotes omitted). BMW objects to the Court striking the express terms of the mutually agreed contract, as even the terms referenced by the Court fail to establish that BMW NA has day-to-day control of the dealer's employees, which agency requires. *Compare* R&R at 11 *with* MTD at 19-21.

---

voluntarily—applying a *prima facie* standard dissuades such candor. To the extent a *prima facie* standard is appropriate for a motion to dismiss, BMW objects to the Court not converting the MTD to one for judgment on the pleadings or for summary judgment. BMW objects to the Court denying oral argument. Dkt 412.

As an example of error, the Court used the word "unilaterally" to describe the dealer agreement language. R&R at 12 ("The Center Operating Requirements concern the same requirements, but they can be 'amended, cancelled or superseded from time to time by BMW NA . . .' unilaterally."). The mutually assented contractual language does not create or imply unilateral direction and control. The Court states that "BMW NA responds by simply pointing to the provision that disavows agency and relying on general statements," but a BMW NA declarant explained that BMW NA does not, and cannot, unilaterally control (1) when, where, how, and to whom dealers sell vehicles, (2) the "look-and-feel" of dealerships, and (3) that dealers provide anything specific to customers. *Compare* R&R at 11 *with* MTD at 20-21. The record confirms that BMW NA in no way can "dictate" dealer business, R&R at 11—the parties have an arms-length, mutually beneficial deal regarding details such as common operating hours or providing BMW-trained dealer-employed technicians. MTD at 21. Texas state law also prohibits BMW NA from exerting the type of control required to establish agency. MTD at 20-21. Especially in Texas, the dealer agreements do not establish agency.

### 3. BMW objects to the finding that BMW NA has ratified dealerships as BMW NA's places of business

BMW objects that it "ratified the Centers as places of business of BMW." R&R at 14.

*First*, BMW objects because the "threshold inquiry when determining whether the place of business of one company can be imputed to another, related company is whether they have maintained corporate separateness," and the Court disregarded this threshold inquiry. *See* R&R 18-20 (citing *Andra Group, LP v. Victoria's Secret Stores, L.L.C.*, 6 F.4th 1283, 1289 (C.A.Fed. (Tex.), 2021)); *see also Gesture Technology Partners, LLC v. Lenovo Group Ltd.*, 2021 WL 6205789, at *4 (W.D.Tex. 2021). Noting that "imputation and ratification are distinct legal concepts under Federal Circuit jurisprudence," the Court errs in concluding that "imputation is

not the issue before the Court." R&R at 18, 20. BMW objects because, no matter whether the Court calls the test "ratification" or "imputation," the effect on this case is the same—one entity's place of business is treated as another's for venue purposes. The R&R nullifies the "imputation" test—a court would never need to address corporate separateness required for "imputation" if it could simply proceed to find the lesser, undefined standard for "ratification" has been met. The Supreme Court and Federal Circuit have repeatedly emphasized that the patent venue statute is supposed to be a clear test, *e.g., Google*, 949 F.3d at 1346-47. But, on the exact same facts—whether BMW NA's contracts with independent in-district dealerships establish venue over BMW NA—two other courts have already found that venue is improper over BMW NA. *Omega Patents, LLC v. Bayerische Motoren Werke AG*, 508 F.Supp.3d 1336, 1342 (N.D. Ga. Dec. 21, 2020); *West View Research, LLC v. BMW N. Am., LLC*, Case No. 16-cv-2590, 2018 WL 4367378 (S. D. Cal. Feb. 5, 2018). BMW objects to the Court arriving at a different result under the same set of facts for the same Defendant (BMW NA) as other courts, because it considered this record "may be far more complete than the record in other cases, such as *Omega*." R&R at 16, 18-19. However, the Court did not address the record in *West View Research, LLC v. BMW of N. Am., LLC*, where the dealer agreements were substantially discussed. Case No. 3:16-cv-02590-JLS-AGS, Dkt. 61 at 3-8 (S.D. Cal. Dec. 15, 2017). BMW objects to the Court selecting provisions of agreements other courts reviewed but found insufficient to support venue and/or did not address directly.

*Second*, even assuming ratification can bypass imputation under the facts here (it does not), BMW objects to the Court's reliance on select terms of the agreements and BMW NA websites and advertising to cast dealerships as "places of business *of BMW*." R&R at 17-18 (emphasis added). The same or similar provisions as those addressed by the Court have been

7

rejected as establishing venue by the Federal Circuit and other courts. *See* MTD 15-19. As such, BMW objects to the finding that, because independent dealerships are "places from which ***an individual*** could purchase BMW products," they are "places of business of BMW." R&R at 17-18. "[T]he defendant *must actually engage in business* from that location." *Andra*, 6 F.4th at 1289 (Fed. Cir. 2021) (original emphasis). BMW does not, and legally cannot, maintain places where individuals can purchase BMW vehicles ***from BMW NA***, and BMW NA's business is not selling vehicles to individuals. Dkt. 213-1, ¶ 3. Dealerships purchase vehicles from BMW NA, and individuals purchase vehicles from dealerships. BMW NA's business of selling vehicles concludes when the dealer buys them from BMW NA—outside this District. Dkt. 213-1, ¶ 11.

### 4. The Court should address venue as to all BMW Defendants

The Court found it "need not address BMW's arguments concerning whether venue must be proper as to all defendants." R&R at 4 n.1. However, if the Court finds venue improper for BMW NA, then this case must be dismissed as to ***all*** BMW Defendants; dismissing only BMW NA creates deficiencies under Rules 19(b) and 12(b)(7). *See* MTD at 8–9; Dkt. 252 at 1 n.1. Thus, all BMW Defendants should be dismissed (or transferred), due to BMW NA's improper venue. *See AGIS Software Development, LLC v. ZTE Corp. et al.*, 2018 WL 4854023, at *4 (E.D. Tex. Sept. 28, 2018)." Dkt. 252 at 1 n.1.

### 5. The Court failed to properly consider Texas state law

BMW objects to the Court's consideration of Texas state law only regarding ownership interest, and not the direction or control of dealerships, R&R at 20-21—BMW NA is *legally* barred from directing or controlling vehicle sales to individuals in Texas. *See* MTD at 20-21.

### III. CONCLUSION

BMW respectfully submits that the Court erred in denying BMW's Motion to Dismiss.

| | |
|---|---|
| Dated: February 1, 2022 | /s/Lionel M. Lavenue |

Lionel M. Lavenue
Bradford Schulz
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
1875 Explorer Street, Suite 800
Reston, VA 20190-6023
Phone:  (571) 203-2700
Fax:      (202) 408-4400

R. Benjamin Cassady
Michael J. Aragon
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Ave. NW
Washington, D.C. 20001
Phone:  (202) 408-4000

Kara A. Specht
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
271 17th Street NW, Suite 1400
Atlanta, GA 30363-6209
Phone:  (404) 653-6481

Taylor Christopher Fitzner
BAIRD, CREWS, SCHILLER &
WHITAKER, P.C.
15 North Main Street
Temple, TX 76501
Phone:  254-743-7322

**Of Counsel:**
William N. Berkowitz (*pro hac vice*)
Katherine R. Moskop (*pro hac vice*)
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 300
Boston, MA 02210
Phone:  (617) 946-4800

***ATTORNEYS FOR DEFENDANTS BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AG***

9

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2022, I electronically filed the foregoing **BMW'S OBJECTION TO AND REQUEST FOR RECONSIDERATION OF THE REPORT AND RECOMMENDATION DENYING BMW'S MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system, which will send a notification of such filing ("NEF") to counsel of record who have appeared in this case on behalf of the identified parties.

/s/Lionel M. Lavenue
Lionel M. Lavenue