**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ARIGNA TECHNOLOGY LIMITED, | ) )  )  C.A. No. 2:21-cv-00054-JRG-RSP |
| Plaintiff, | ) ) |
| vs. | ) JURY TRIAL DEMANDED ) ) |
| VOLKSWAGEN AG et al., | ) ) |
| Defendants. | ) ) ) ) |

**MERCEDES' OBJECTIONS TO THE REPORT AND RECOMMENDATION
<u>DENYING MERCEDES' MOTION TO DISMISS</u>**

Mercedes-Benz USA, LLC ("MBUSA") and Daimler AG (Daimler and MBUSA together, "Mercedes") respectfully object the Court's Report and Recommendation, Dkt. 424 ("R&R"), denying Mercedes' Motion to Dismiss ("MTD") Arigna's Second Amended Complaint ("SAC") pursuant to Rule 12(b)(3) and Rule 12(b)(6), Dkt. 230. Mercedes notes that the Court stayed this case on February 2, 2022, pending Federal Circuit guidance on venue issues in the R&R (Dkt. 464). Mercedes is nevertheless filing its objections out of abundance of caution to preserve the record.

## I.  INTRODUCTION

*First*, the Court erred by not addressing Mercedes' 12(b)(6) arguments. While the Court correctly found that Mercedes' previous motions to dismiss the First Amended Complaint ("FAC") were moot by Arigna's filing of the SAC, R&R at 4, the MTD against the SAC re-briefed the 12(b)(6) issues and thus still require the Court's attention. *See* MTD at 14-19; Dkt 265 at 6-10. As the MTD explained on 12(b)(6) issues, the SAC only contains threadbare claim language recitations without explanation as to how or why the accused NXP chip actually meets any claim elements. *See* MTD at 14-16. Moreover, Arigna's indirect infringement allegations consist of a mere offhand reference to the statute, and Arigna's willfulness allegations consist of nothing more than one line in the prayer for relief. *See* MTD at 17-19. Thus, the R&R's finding that 12(b)(6) issues were not briefed in the MTD against the SAC is wrong, and the SAC should be dismissed for failure to state a claim.

*Second*, Mercedes objects to the finding of proper venue as to all Mercedes Defendants. At the outset, the Court incorrectly applied, and relied on, a *prima facie* standard under the general venue statute framework—not the patent venue statute framework. R&R at 2. Reliance on this standard resulted in the resolution of several legal and factual issues in Plaintiff's favor as "uncontested," even though Mercedes properly disputed and challenged all relevant facts and

1

allegations in an unrebutted declaration. Dkt. 230-1. Further, the Court erred by finding MBUSA employees are regularly conducting MBUSA's business at the dealers and by further finding dealers agents of MBUSA. *See* R&R at 5-11. Indeed, realizing the difficulties in finding dealers agents of MBUSA under agency law, the Court found dealers agents of MUBSA *only* for purposes of patent venue. *See* R&R at 10. Mercedes objects because this improperly creates a new, special agency law theory unique to patent law that has no precedent. Moreover, if MBUSA is dismissed for improper venue, Daimler should also be dismissed for failure to join a required party.

Mercedes also objects to the finding that MBUSA ratified dealerships as its places of business. *See* R&R at 11-19. The Court relied on ratification, and not the well-established "threshold" test that a place of business of one corporate entity cannot be imputed to another for venue purposes where the entities maintain corporate separateness. *See* R&R at 13. In doing so, the Court overlooked *Soverain IP, LLC v. AT&T, Inc.*, its own precedent recognizing this principle. No. 2:17-cv-293-RWS-RSP, 2017 WL 5126158, at *1 (E.D. Tex. Oct. 31, 2017) (Payne, M.J.). Finding that a corporation "ratifying" another entity's place of business as its own is somehow different from "imputing" that other entity's place of business to that corporation is erroneous. No matter the words used, the effect is the same—one entity's place of business is treated as another's. And the lesser "ratification" test promulgated by the Court renders the threshold "imputation" test a legal and practical nullity. The Court also failed to properly consider that MBUSA's business is distributing vehicles to dealerships, but the dealerships' separate and distinct business is selling vehicles *to individual consumers*. R&R at 15.

For at least these reasons, Mercedes respectfully objects to the R&R.

**II.     ARGUMENT**

For objections to magistrate judge written orders, "[t]he district judge in the case must

consider timely objections and modify or set aside any part of that order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1). Mercedes objects to all findings, conclusions, and recommendations against Mercedes in the R&R as follows.

### A. The Court Failed to Address Mercedes' MTD Under Rule 12(b)(6)

The Court did not address Mercedes' 12(b)(6) arguments, reasoning that the SAC mooted the FAC and, correspondingly, any motions to dismiss the FAC on 12(b)(6) grounds. R&R at 4. But the MTD against the SAC also included 12(b)(6) arguments, which are still outstanding and still require the Court's attention. *See* MTD at 14-19; Dkt 265 at 6-10. For example, the MTD explained that the SAC fails to sufficiently plead direct infringement because it only contains threadbare claim language recitations, without any factual allegations showing how or why the accused NXP chip actually meets the asserted claim or claim element. The MTD also explained that Arigna's indirect and willfulness allegations, respectively, comprise only a passing mention to the statute and an off-hand mention of willfulness in the prayer for relief, and why this is insufficient as a matter of law. *See Id.* at 17-19. Thus, Mercedes objects to the Court not addressing its 12(b)(6) arguments, which remain ripe for decision.

### B. The Court Erred in Finding Venue Over the Mercedes Defendants

The Court found "that [MBUSA] has regular and established places of business in the District and that venue is proper as to [MBUSA] and Daimler in this District under § 1400 (b)." R&R at 19-20.[1] For at least the reasons below, Mercedes objects to the Court's venue findings.

---

[1] The Court states "the parties do not dispute the 'acts of infringement' requirement, nor whether Arigna met *Cray*'s first requirement, a physical place in the District." R&R at 4. For the avoidance of doubt, Mercedes denies infringement and disputes all of *Cray*'s requirements.

3

## 1. Mercedes Objects to the Court Applying a *Prima Facie* Standard in Considering Arigna's Evidence Outside the Pleadings.

The Court applied a *prima facie* standard under the **general** venue statute framework, *see* R&R at 2 (citing 5th Cir. law), despite requirements to apply a "burden of persuasion" under the ***patent*** venue statute framework provided by Federal Circuit law. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (2018) (explaining that regional circuit law, which applies to venue convenience transfers under 28 U.S.C. § 1404(a), does not apply to patent-specific venue provisions of 28 U.S.C. § 1400(b)).[2] Alternatively, even if a *prima facie* standard was proper here (it is not),[3] the Court should only have considered what Arigna raised in its pleaded complaint and not matters outside the pleadings. *See Westech Aerosol Corporation v. 3M Company*, 927 F.3d 1378, 1382 (Fed. Cir. 2019) (holding that "[a] presumption that facts pleaded in the complaint are true does not supplant a plaintiff's burden to plead specific facts showing that the defendant has a regular and established place of business physically located in the judicial district.").

## 2. Mercedes Objects to the Finding that Under A New, Special Form of Agency for Patent Law, Independent Dealers Are MBUSA's Agents.

As an initial matter, Mercedes objects to the Court's application of a special, new agency standard just for patent law. The Court emphasized that "it is not finding that the Dealerships are agents of MBUSA for every legal context, but rather ***the Court only finds that the Dealerships are agents of [MBUSA] for the issue of establishing venue under § 1400(b)*** as interpreted by *Cray* and *Google*." R&R at 10 (emphasis added). However, neither the Court nor Arigna cites any authority for the proposition that a special agency test for patent venue exists. The idea that

---

[2] Unlike agency law concepts, patent venue operates under a statute (and analysis) separate from general venue.
[3] To the extent the Court finds that a *prima facie* standard is appropriate for a motion to dismiss, Mercedes objects to the Court not converting the MTD to one for judgment on the pleadings or for summary judgment.

4

the test for agency in the context of patent venue should be less strict than in other areas of law undermines the clear guidance that patent venue should be strictly construed, and not open to liberal interpretation. *See e.g., In re Google LLC*, 949 F.3d 1338, 1346-47 (Fed. Cir. 2020).

Under this new test, the Court found that the dealer agreements show direction and control under special patent agency. *See* R&R at 7-9. Mercedes objects because the agreements and contractual terms mutually agreed upon by MBUSA and independent dealers—even the ones highlighted by the Court—expressly disavow agency. *See* Dkt. 265 at 6. "The essential elements of agency are (1) the principal's 'right to direct or control' the agent's actions, (2) 'the manifestation of consent by [the principal] to [the agent] that the [agent] shall act on his behalf,' and (3) the 'consent by the [agent] to act.'" *Google*, 949 F.3d at 1345 (alterations in original) (internal citations and quotations marks omitted). Mercedes objects to the Court striking the express terms of a mutually agreed contract, and even the contractual terms referenced by the Court fail to establish that MBUSA has day-to-day control of dealer's employees, which is required for agency. *See* MTD at 10-11; Dkt. 265 at 5-6.

There is no basis for the Court to find the mutually assented contractual language creates or implies unilateral direction and control. The Court overlooks that by agreeing to those provisions cited by Arigna, dealers obtain the right to "buy and resell Mercedes-Benz Passenger Car Products," which brings in substantial revenues to the dealers. Dkt. 230-2 at ii. It is erroneous to look at the provisions in the dealer agreement in a vacuum and require MBUSA to explain how provisions cited by Arigna do not show interim control.[4] Indeed, MBUSA's

---

[4] Mercedes objects to the Court's dismissal of its uncontroverted declaration as "fail[ing] to specifically address the provisions cited by Arigna." R&R at 10. Mercedes' declaration (Dkt. 230-1) addressed every allegation in the SAC regarding venue, and the provisions cited by Arigna are not included in Arigna's complaint. *See Westech*, 927 F.3d at 1382 (burdening a plaintiff to ***plead*** specific patent venue allegations in its complaint).

5

declarant explained in detail the transactional nature of the relationship between MBUSA and dealers, which clearly shows that third-party dealers are independent businesses not under the control of MBUSA. Dkt. 230-1. The record confirms that MBUSA cannot "dictate" dealer business, R&R at 10—the parties simply have an arms-length, mutually beneficial business deal. MTD at 11. Texas state law also prohibits MBUSA from the type of control required to establish agency. Dkt. 230 at 10-11. Taken as a whole, and especially in view of Texas state law, the dealer agreements do not establish the requirements of agency.[5]

### 3. Mercedes Objects to the Finding that MBUSA has Ratified Dealerships as MBUSA's Places of Business.

Mercedes objects that it "ratified the Dealerships locations as places of business of [MBUSA]." R&R at 12. First, Mercedes objects because the Court found the "threshold inquiry when determining whether the place of business of one company can be imputed to another, related company [] whether they have maintained corporate separateness" was not met. *Id*. at 13; *Andra Group, LP v. Victoria's Secret Stores, L.L.C.*, 6 F.4th 1283, 1289 (2021); *see also Gesture Technology Partners, LLC v. Lenovo Group Ltd.*, 2021 WL 6205789, at *4 (W.D.Tex., 2021). Noting that "imputation and ratification are distinct legal concepts under Federal Circuit jurisprudence," the Court errs in concluding that "imputation is not the issue before the Court." R&R at 13, 19. Mercedes objects because, no matter whether the Court calls the test "ratification" or "imputation," the effect is the same—one entity's place of business is treated as another's for venue purposes.

---

[5] The Court also erred in finding that MBUSA has employees based in the District. R&R at 5. Mercedes' Reply and the accompanying declaration made clear that the individuals identified by Arigna are either not MBUSA's employees or are MBUSA's employees outside of this District. Dkt. 265 at 5; Dkt. 265-1. The statement that "Mercedes has resisted discovery" is also wrong, as Arigna never formally requested any discovery as to whether MBUSA has employees in this District (rather, it *withdrew* such requests). R&R at 5.

The R&R nullifies the "imputation" test—a court would never need to address corporate separateness required for "imputation" if it could simply proceed to find the lesser, undefined standard for "ratification" has been met. The Supreme Court and Federal Circuit have repeatedly emphasized that the patent venue statute is supposed to be a clear test, *e.g., Google*, 949 F.3d at 1346-47. Yet on the exact same facts—whether an auto distributor's contracts with independent in-district dealerships establish venue over the distributor—two other courts have already found that venue is improper over the distributor. *Omega Patents, LLC v. Bayerische Motoren Werke AG*, 508 F.Supp.3d 1336, 1342 (N.D. Ga. Dec. 21, 2020); *West View Research, LLC v. BMW N. Am., LLC*, Case No. 16-cv-2590, 2018 WL 4367378 (S. D. Cal. Feb. 5, 2018). Mercedes objects to the Court arriving at a different result, under the same set of facts, as other courts that considered this issue.  For example, the Court did not address the record in *West View Research,* where similar dealer agreements were substantially discussed. Case No. 3:16-cv-02590-JLS-AGS, Dkt. 61 at 3-8. Mercedes objects to the Court selecting provisions of dealer agreements other courts reviewed but found insufficient to support venue and/or did not address directly.

Second, even assuming ratification can bypass imputation under the facts here (it cannot), Mercedes objects to the Court's reliance on selected terms of the dealer agreement, Mercedes websites, and advertising to cast dealerships as "places of business *of [MBUSA]*." R&R at 14-18 (emphasis added). The same or similar provisions as those addressed by the Court have been rejected as establishing venue by the Federal Circuit and other courts. *See* MTD at 7-11; Dkt. 265 at 3-5. Particularly, Mercedes objects to the finding that "both [MBUSA] and the Dealerships carry out the same business function, which is to sell their cars to the public." R&R at 14-15. Again, Mercedes does not, and legally cannot, maintain such places where individuals can purchase vehicles ***from MBUSA***, and MBUSA's business is ***not*** selling vehicles to

7

individuals or the public. Dkt. 230-1, ¶7. MBUSA distributes vehicles to dealers. Dealers sell vehicles to individuals. MBUSA's business of distributing vehicles concludes when the dealer buys them from MBUSA, not when an individual purchases them from the dealer. The Court's findings could make any reseller a place of business of the manufacturer or distributor, so long as the manufacturer or distributor points individuals to the reseller. And, "the fact that the entities work together in some aspects, as discussed above, is insufficient to show ratification." *Andra,* F.4th at 1290.

### 4. The Court Should Address Venue as to all Mercedes Defendants

The Court found it "need not address arguments concerning whether venue must be proper as to all defendants." R&R at 4 n.1. However, if the Court found venue improper for MBUSA, then the SAC must be dismissed as to ***all*** Mercedes Defendants; dismissing only MBUSA creates deficiencies under Rules 19(b) and 12(b)(7). *See* MTD at 1, 5. Thus, all Mercedes Defendants should be dismissed (or transferred to the Northern District of Georgia) due to MBUSA's improper venue. *See AGIS Software Development*, LLC v. ZTE Corp. et al., 2018 WL 4854023, at *4 (E.D. Tex. Sept. 28, 2018); Dkt. 230 at 1.

### 5. The Court Failed to Properly Consider Texas State Law

The Court found unpersuasive the argument "that Texas state law precludes [MBUSA] from owning or operating the Dealerships and for that reasons, venue is improper in the District." R&R at 18. However, the Court erroneously limited its consideration of Texas state law to just the impact on ownership interest, and not on the direction or control of dealerships— MBUSA is ***legally*** barred from selling vehicles to individual consumers in the State of Texas. *See* MTD at 7-8, 10-11; Dkt. 265 at 3.

### III. CONCLUSION

Mercedes respectfully submits that the Court erred in denying the MTD.

8

| | |
|---|---|
| Dated: February 3, 2022 | Respectfully submitted,<br><br>*/s/ Celine J. Crowson*<br>Celine J. Crowson<br>Joseph J. Raffetto<br>Hogan Lovells US LLP<br>555 Thirteenth St, NW<br>Washington, DC 20004<br>Telephone: (202) 637-5703<br>Facsimile: (202) 637-5910<br>Email: celine.crowson@hoganlovells.com<br>Email: joseph.raffetto@hoganlovells.com<br><br>Melissa R. Smith<br>Texas Bar No. 24001351<br>melissa@gillamsmithlaw.com<br>GILLAM & SMITH, LLP<br>303 South Washington Avenue<br>Marshall, Texas 75670<br>Tel: (903) 934-8450<br>Fax: (903) 934-9257<br>***Attorneys for Defendants Daimler G and Mercedes-Benz USA, LLC.*** |

9

**CERTIFICATE OF SERVICE**

I certify that on February 3, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ *Celine J. Crowson*
Celine J. Crowson