**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ARIGNA TECHNOLOGY LIMITED, | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | |
| | § | CASE NO.  2:21-CV-00054-JRG-RSP |
| VOLKSWAGEN AG,  VOLKSWAGEN | § | |
| GROUP OF AMERICA, INC., | § | |
| BAYERISCHE MOTOREN WERKE AG, | § | |
| BMW OF NORTH AMERICA, LLC, | § | |
| DAIMLER AG,  MERCEDES-BENZ USA, | § | |
| LLC,  NISSAN MOTOR COMPANY, LTD., | § | |
| NISSAN NORTH AMERICA, INC., | § | |
| TESLA, INC.,  TESLA MOTORS TX, INC., | § | |
| TOYOTA MOTOR CORPORATION, | § | |
| TOYOTA MOTOR NORTH AMERICA, | § | |
| INC.,  GENERAL MOTORS LLC,  ADC | § | |
| AUTOMOTIVE DISTANCE CONTROL | § | |
| SYSTEMS GMBH,  CONTI TEMIC | § | |
| MICROELECTRONIC GMBH, | § | |
| CONTINENTAL AG, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

Before the Court are Defendants BMW of North America, LLC's ("BMW NA") Motion to Dismiss Plaintiff's Second Amended Complaint for Improper Venue and Failure to State a Claim (the "BMW Motion"), Mercedes-Benz USA, LLC's ("MBUSA") Motion to Dismiss Pursuant to Rule 12(b)(3) and Motion to Dismiss Pursuant to Rule 12(b)(6) (the "Mercedes Motion"), and Volkswagen Group of America, Inc.'s ("VWoA") Motion to Dismiss (the "Volkswagen Motion")[1]. (Dkt. Nos. 213, 230, and 138, respectively). In each of the BMW,

---

[1] While the Volkswagen Motion requests that the Court dismiss Plaintiff Arigna Technologies Limited's ("Arigna") First Amended Complaint, the Court notes that Arigna and the Volkswagen Defendants subsequently stipulated that all arguments in the Volkswagen Motion apply equally to Arigna's Second Amended Complaint. (*See* Dkt. No. 187).

Mercedes, and Volkswagen Motions, the respective defendants argue that Arigna has failed to show proper venue under 28 U.S.C. § 1400(b) and therefore Arigna's claims against them must be dismissed or transferred to other districts.

The Court previously stayed the above-captioned case pending the Federal Circuit's guidance on the venue-related disputes common to Defendants BMW NA, MBUSA, and VWoA at issue in this case and in other co-pending cases on the Court's docket. (*See* Case No. 2:21-cv-00172-JRG, Dkt. No. 179; Case No. 2:22-cv-00034-JRG, Dkt. No. 1). In regard to litigation then pending in the Western District of Texas, the Federal Circuit issued its opinion regarding such venue-related issues on March 9, 2022 and vacated orders in the Western District of Texas denying motions to dismiss or transfer which raised substantially the same arguments at issue in this case. *In re Volkswagen Grp. Of Am., Inc.*, 28 F.4th 1203 (Fed. Cir. 2022) ("*In re Volkswagen*"). In the co-pending cases, Arigna and Defendants BMW NA as well as other venue-contestants filed Joint Status Reports on March 16 and 17, 2022 setting forth their positions regarding the effect of *In re Volkswagen* on the overlapping venue disputes. (Case No. 2:21-cv-00172-JRG, Dkt. No. 185; Case No. 2:22-cv-00034-JRG, Dkt. No. 16). Following the filing of the Joint Status Reports, the Court lifted the stay in this case and severed out claims between Arigna and defendants that did not challenge venue.

In light of the Federal Circuit's guidance in *In re Volkswagen*, the Court finds as to BMW NA, MBUSA, and VWoA that venue is improper.[2] Accordingly, the Court finds that the BMW Motion (Dkt. No. 213), the Mercedes Motion (Dkt. No. 230), and the Volkswagen Motion (Dkt.

---

[2] The Court notes that the Federal Circuit specifically stated that it could "hardly disagree that when a distributor or manufacturer exercises the requisite level of control over a dealership for certain activities . . . an agency relationship can exist" such that venue under Section 1400(b) would be proper. *In re Volkswagen*, 28 F.4th at 1214. However, considering the record before it, the Court finds that the factual record here mirrors the record before the Federal Circuit in *In re Volkswagen* and that Arigna's arguments have not shown the requisite level of control necessary to establish venue under an agency theory as explained by the Federal Circuit.

No. 138) should be and hereby are **GRANTED**. The Court **ORDERS** that the claims between Arigna and Defendants BMW of North America, LLC, Bayerische Motoren Werke AG, Mercedes-Benz USA, LLC, Daimler AG, Volkswagen Group of America, Inc., and Volkswagen AG are hereby **DISMISSED WITHOUT PREJUDICE**.

The Clerk of the Court is directed to **CLOSE** the above-captioned case as no parties or claims remain.

**So ORDERED and SIGNED this 27th day of April, 2022.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE